Jones, Judge,
delivered the opinion of the court.
Plaintiff, a lieutenant colonel on the active list of the United States Army, brings this action to recover additional pay and allowances for the period from October 20, 1933, to date of judgment basing his claim upon the contention that he is entitled to credit for pay purposes for his service in the United States Military Academy from August 28, 1912, to June 12, 1916.
The issue involved is whether plaintiff’s appointment as a cadet in the United States Military Academy was made prior to August 24, 1912.
The Act of . August 24, 1912 (37 Stat. 568, 594) provides in part as follows:
Sec. 6. That hereafter the service of a cadet who may hereafter be appointed to the United States Military Academy or to the Naval Academy, shall not be counted , in computing for any purpose the length of service of any officer of the Army.
Since the filing of petition herein the Congress on August 13,1940, enacted the following private bill (Private No. 524, 76th Congress, 3d session) :
* * * That the following-named officers and former officers of the United States Army shall be entitled to *498 count all their service as cadets at the United States Military Academy in computing for any purpose length of service of any officers of the Army: * * * James deB. Walbach * * *: Provided, That this Act shall not be construed as authorizing the payment of any back pay and allowances that may have accrued prior to the passage of this Act.
Since the foregoing act clearly establishes plaintiff’s status after August 13, 1940, giving him full credit after that date for his service in the Academy, the scope of this inquiry is limited to the period prior to August 13, 1940.
Plaintiff first entered the Academy on June 14, 1911, but was discharged on June 22, 1912, because of deficiency in his studies. He entered the Academy the second time on August 28, 1912, and was graduated June 12, 1916.
The statute provides (Sec. 1325 R. S.) that no cadet discharged because of deficiency in his studies shall be returned or reappointed to the Academy except upon the recommendation of the Academic Board.
Plaintiff, on or about June 18,1912, before he was actually discharged, and at the suggestion of the Superintendent of the Academy, made request of his member of Congress for another appointment. The member of Congress advised him that he would be reappointed, and on June 25, 1912, the Adjutant General of the Army wrote plaintiff informing him that the Academic Board had recommended that he be reappointed, and authorizing him to report at West Point on August 28,1912, for admission to the United States Military Academy, subject only to physical examination. There was enclosed in that letter a blank form of acceptance, and plaintiff was asked to immediately inform the Adjutant General of his acceptance or declination of the oontemflated appointment. He filled in and returned the form on July 9, 1912, indicating that he would accept the appointment.
We think that when plaintiff entered the Academy on August 28, 1912, he did so by virtue of a new and independent appointment, and one which in no way related back to the prior one.
By his discharge of June 22, 1912, plaintiff’s connection with the Academy was completely severed, and the only way he could again gain admission was by another appoint *499 ment. It is true that the second appointment could be made only upon the recommendation of the Academic Board, but this does not mean that the new appointment was to be considered as a mere reinstatement. The provision was designed to prevent the reappointment of a candidate who was obviously unfitted for a career in the United States Army, and who would probably have to be again discharged for some deficiency. Any appointment so made was subject to the same formalities which governed an original or first appointment. In this particular case, the plaintiff was not required to take the mental examination, having already passed that prior to his admission in 1911. It was, however, necessary for him to obtain a nomination for appointment, the permission of the War Department to take the qualifying physical examination, and to again take the prescribed, oath of office as a cadet.
■ And it was not until after all these preliminaries had been completed that the formal notice of appointment, or cadet warrant, signed by the Secretary of War and the Adjutant General of the Army for the President, was actually issued. This warrant states on its face that plaintiff was appointed a cadet of the United States Military Academy, to rank as moh from the 28 day of August, 1912. Nowhere in the record do we find any evidence that there was any definite appointment prior to that date. That this warrant was not issued until after the nominee had actually taken the oath of office and been admitted to the Academy was not a matter of chance. It is the regular and customary method of procedure, indicating that the appointment does not become effective until all conditions have been fulfilled. Furthermore, the communication from the Adjutant General, dated June 25, 1912, referred to a contemplated appointment, thus denoting that it was not an accomplished fact.
Plaintiff’s contention that he was reappointed by his congressman on or about June 18, 1912, is an erroneous one. Members of Congress are not empowered to actually appoint cadets to the Military Academy. They can only nominate candidates for appointment. The statute (Sec. 1315 E. S.) specifically provides that these appointments are to be made by the President. Since the appointment in question did *500 not confer upon plaintiff the rank of cadet in the United States Military Academy until August 28, 1912, and since by the terms of the statute (Sec. 1317 K,. S.) no pay or other allowance may be drawn until the appointee shall actually have been admitted, there is nothing upon which to base a finding that plaintiff was appointed to the Academy until after August 24, 1912. He, therefore, comes within the provisions of the Act of August 24, 1912, supra.
It follows that plaintiff’s petition must be dismissed and it is so ordered.
Madden, Judge; Whitakeh, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.